Burke, J.
(dissenting). I agree with the dissenting opinion at the Appellate Division. I would merely add, however, that the Secretary of State has illegally disallowed Judge Cooke to draw by lot and in that way has deprived him of the absolute privilege given to him by statute (Election Law, § 104) for the purely concocted reason that if Judge Cooke should draw position number one that would interfere with the decision of the Secretary of State unilaterally made on line A that Judge Gtabrielli should be number one.
The reliance of the Attorney-General in placing the emphasis on “ one party” is completely misplaced because the absolute direction to the Secretary of State is stated below that provision in section 104. The absolute direction is stated in the following language: “provided, however, that any such candidate may * * * demand that such order be determined by lot ’ ’. These words are mandatory. The Legislature knew full well for more than 20 years that many candidates received the nominatiou of more than one party. In this case, Judge Cooke demanded that the drawing by lot be in only “ one party ”, i.e., the Democratic Party, in accordance with the statute. The final sentence of the first paragraph of section 104 states: ‘ ‘ The secretary of state shall perform the duties required by this subdivision in a)l cages affecting nominations Sed in big office.” This ig a *249 mandatory direction — note the words “ any such candidate ”, “demand” and “duties”. No discretion whatsoever is left to the Secretary of State to bar any candidate from the drawing by lot.